# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HENRY WASHINGTON, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-01911-TWP-MJD |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the amended motion of Henry Washington for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

### *Background*

After receiving reports that Henry Washington was distributing and dealing powder cocaine, crack cocaine, and heroin from his residence in Kokomo, Indiana, law enforcement with the assistance of a confidential informant ("CI") arranged a controlled buy of powder cocaine from Mr. Washington. *United States v. Washington*, 1:15-cr-0042-TWP-DML-1, Crim. Case, dkt. nos. 1, 37, 41. On October 24, 2013, the CI, who wore a recording device, was picked up by an associate of Mr. Washington's and taken to Mr. Washington's Kokomo residence for the purpose of purchasing cocaine powder. After the CI entered Mr. Washington's home, law enforcement heard a male voice say, "I'm almost out." *Id.* The CI subsequently left Mr. Washington's home with an African-American female and got into a black Cadillac with a license plate registered to Yolanda and Henry Washington. *Id.* The CI texted law enforcement

that the drug supplier was coming to Mr. Washington's residence because Mr. Washington was almost out of cocaine. *Id.*

A short time later, law enforcement observed a blue Dodge pick-up truck arrive at Mr. Washington's residence. An unknown African-American male exited the vehicle and entered the residence through the front door. *Id.* The CI returned to Mr. Washington's residence and law enforcement heard a male voice counting "1100, 1200." *Id.* After purchasing approximately 11 grams of cocaine powder from Mr. Washington, the CI left the residence. *Id.* The CI later reported that about one half kilogram of cocaine was on the table at Mr. Washington's home, it was being bagged up for resale, and Mr. Washington had a firearm in his waistband at the time the CI made the purchase. *Id.*

The next day, law enforcement executed a search warrant at Mr. Washington's residence. The following items were found in the home: 6 firearms (one reported stolen); 5 boxes of different caliber ammunition; mail addressed to Mr. Washington at the Kokomo residence; 2 check books with names Yolanda and Henry Washington; digital scales; 6 cellular telephones; plastic baggies; 2 coffee grinders with white powdery residue; 1 vacuum packaging system; 1 plate and straw with white residue; 701.85 grams of marijuana; 107.93 grams of heroin; 107.90 grams of cocaine; 19.02 grams of cocaine base; and $24,252.00 in United States currency (of which $780.00 was the "buy" money provided to the CI). *Id.* A Charter Arms .38 caliber revolver loaded with five (5) rounds of ammunition was found near Mr. Washington. *Id.* Heroin was located in a pot of boiling water on the stove. *Id.* The cocaine and a portion of the $24,252.00 was found in a safe along with a Titan Tiger .38 caliber revolver. *Id.* The four (4) other handguns were found in the master bedroom as well as various calibers of ammunition. *Id.,* dkt. nos. 37, 41. The key to the safe was on Mr. Washington's person. *Id.*, dkt. 1. In February,

2014, an expert in firearms interstate nexus confirmed that the six firearms found at Mr. Washington's home were not manufactured in Indiana and therefore would have affected interstate commerce. *Id.*

On February 19, 2015, Mr. Washington was charged in a three-count Indictment filed in the Southern District of Indiana. *Id.*, dkt. 12. Count 1 charged Mr. Washington with possession with the intent to distribute 50 grams or more of heroin, in violation of 21 U.S.C. § 841(b)(1)(B) (The Presentence Investigation Report ("PSR") notes that the Indictment had a scrivener's error when it stated "50" grams or more instead of the correct amount of 100 grams or more.). *Id.*, dkt. 41, p. 4.

Count 2 charged Mr. Washington with possession with the intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1). Count 3 charged him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

On March 16, 2015, Mr. Washington filed a Petition to Enter a Plea of Guilty. Crim. Case, dkt. 31. In the petition, Mr. Washington represented to the Court that he received a copy of the Indictment which he read and discussed with his attorney; that his attorney was fully informed of the facts and circumstances of this case; that his attorney informed, counseled and advised him as to the nature and cause of every accusation and possible defenses in this case; that his attorney advised him of the minimum and maximum punishment for Count 1 being 5-40 years in prison; that he believed his attorney had done all that anyone could do to counsel and assist and he understood the proceedings in his case; and that he made no claim of innocence. He also declared that his plea of guilty was free, voluntary, and of his own accord and indicated that his attorney had explained to him and he believed and understood the statements set forth in the Indictment, in his petition, and in the certificate of counsel. *Id.*, Petition ¶¶ 4, 5, 6, 12, 13, 14.

On March 16, 2015, the parties filed a Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (B), wherein Mr. Washington agreed to plead guilty to Count 1 of the Indictment, the charge of possession with intent to distribute 100 grams or more of heroin. *Id.*, Plea Agreement, dkt. 32. Mr. Washington understood that the final determination of his sentence, including the advisory guideline range, would be made by the Court. *Id.*, ¶ 3. He also acknowledged that if the Court decided to impose a higher or lower sentence than any recommendation of either party, or determined that a different advisory sentencing guideline range applied, or decided to depart from the applicable advisory sentencing guideline range, then Mr. Washington would not be permitted to withdraw his plea of guilty for that reason. *Id.*, ¶ 4.

The government agreed to recommend a sentence within the advisory guideline range and that if Mr. Washington continued to accept responsibility, he would be entitled to a three-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a) and (b). *Id.*, ¶¶ 6(a) and 12(a) and (b). The parties agreed that Mr. Washington was free to request any available sentence, including a sentence below the guideline range. *Id.*, ¶ 6 (b). The government agreed to move to dismiss the remaining counts at sentencing. *Id.*, ¶ 6(c). Mr. Washington also agreed and understood that by accepting the terms of his plea agreement, he agreed to waive his right to appeal his conviction and sentence and his right to bring a challenge by post-conviction motion, including an action brought under 28 U.S.C. § 2255. *Id.*, ¶ 11.

On April 2, 2015, the Court held a change of plea hearing. Crim. Case, dkt. 36. The parties filed a Stipulated Factual Basis, signed by Mr. Washington. *Id.*, dkt. 37. The Court advised Mr. Washington of his rights, and he entered a plea of guilty. *Id.*, dkt. 36. The Court found a factual basis for the plea and that the plea was voluntarily and knowingly made. *Id.* The Plea Agreement was taken under advisement and Mr. Washington was adjudged guilty of Count

1, possession with intent to distribute 100 grams or more of heroin, as charged in the Indictment. *Id*.

On June 18, 2015, the Court held a sentencing hearing. *Id.*, dkt. 54. The Court sentenced Mr. Washington to 180 months of imprisonment, to be followed by five years of supervised release. Judgment of conviction was entered on June 25, 2015. *Id.*, dkt. 57.

Pursuant to the Plea Agreement, the government moved to dismiss the remaining counts of the Indictment on June 24, 2015. *Id.*, dkt. 55. The Court granted the government's motion and dismissed Counts 2 and 3 of the Indictment on June 25, 2015. *Id.*, dkt. 56.

On December 3, 2015, Mr. Washington filed the instant motion for post-conviction relief pursuant to 28 U.S.C. § 2255, alleging claims of ineffective assistance of counsel. Dkt. 1, 2. On May 31, 2016, Mr. Washington filed a motion to amend his § 2255 motion, seeking to add a claim under *Johnson v. United States,* 135 S.Ct. 2551 (2015). The Court granted that motion to amend. Dkt. 14. On August 8, 2016, Mr. Washington filed a second motion to amend requesting that the Court reduce his sentence based on Amendment 794 for playing a "minor role." Dkt. 21. Mr. Washington's second motion to amend was granted. The United States has responded to all of Mr. Washington's claims, and he has replied. The action is ripe for resolution.

### *Issues*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). ). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack." 28 U.S.C. § 2255(a). "Relief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (internal quotation omitted).

The Court discerns the claims asserted in this action as follows:

1. Whether Mr. Washington's trial counsel was constitutionally ineffective;

2. Whether *Johnson* is applicable to Mr. Washington's conviction; and

3. Whether Amendment 794 is applicable to Mr. Washington's conviction.

*Discussion*

Mr. Washington brings three claims of ineffective counsel: 1) counsel failed to object to the firearm enhancement at sentencing; 2) counsel failed to argue at sentencing that there was no witness to any firearm at the time of the controlled buy; and 3) counsel failed to challenge the presentence investigation report that reflected a two point gun enhancement and an inaccurate amount of heroin.

The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Mr. Washington to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

To succeed with a claim of ineffective assistance of counsel, a petitioner must show both that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "[W]e apply a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Anderson v. United States,* 865 F.3d 914, 921 (7th Cir. 2017) (internal quotation omitted). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014).

**Plea waiver**

The government argues that Mr. Washington's ineffective assistance claims are barred by the provision in the Plea Agreement under which he waived his right to bring a § 2255 action. The Seventh Circuit Court of Appeals, however, has "repeatedly recognized that appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement." *Long v. United States*, 847 F.3d 916, 919 (7th Cir. 2017) (internal quotation omitted); *see also Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016) (Waivers of direct or collateral review "are generally enforceable but cannot be invoked against a claim that counsel was ineffective in the negotiation of the plea agreement."). The Court finds that Mr. Washington's claims of ineffective assistance of counsel arguably relate to the process of plea negotiation, and therefore, those claims are not barred by the plea waiver provision.

**Ineffective Assistance Claims**

Mr. Washington first asserts that his trial counsel was ineffective for failing to object to the two levels that were added to his advisory sentencing guideline pursuant to U.S.S.G. § 2D1.1(b)(1). He also contends that counsel failed to argue at sentencing that Mr. Washington did not possess a firearm at the time of the drug offense. Third, he contends that counsel failed to challenge the PSR that included the two level firearm enhancement and an inaccurate amount of

heroin. Mr. Washington contends that he was not informed that a two level firearm enhancement could be factored into his sentence until after he had signed the Petition to Enter a Plea of Guilty and the Plea Agreement. Two levels were added to the base offense level of 24 as a specific offense characteristic pursuant to U.S.S.G. § 2D1.1(b)(1) because Mr. Washington possessed at least one firearm at the time of the controlled buy. This led to an adjusted offense level of 26. More importantly, however, because Mr. Washington had two prior felony convictions, he is a career offender, making the offense level 34. Therefore, regardless of whether any firearm was possessed during the crime, the offense level started at 34, from which three levels were deducted for acceptance of responsibility, resulting in a total offense level of 31. In other words, given Mr. Washington's status as a career offender, any objection made on the basis of the increase of two levels for the firearm would have had no effect on the total offense level or the advisory guideline range. There was no deficiency on the part of counsel in this regard, and even if there had been deficient performance, no prejudice has or can be shown.

With regard to Mr. Washington's second claim, his argument that the guns found in his home belonged to his father-in-law is meritless. Indeed, the Stipulated Factual Basis, signed by Mr. Washington, states that the CI witnessed Mr. Washington possess a pistol in his waistband when drugs were purchased. Crim. Case, dkt. 37, p. 2. The sworn affidavit supporting the complaint also contained the allegation about possession of a firearm, as witnessed by the CI. Crim. Case, dkt. 1, ¶ 23. Under these circumstances, counsel could not have been ineffective for failing to argue about Mr. Washington's possession of a firearm. If he had attempted to raise such a challenge, it would have been summarily rejected. Mr. Washington has not shown any deficient performance with regard to this claim.

As to his third claim of ineffective assistance, Mr. Washington argues that counsel failed to challenge the presentence report regarding the amount of heroin found by authorities and the two point gun enhancement. Factually, this is not true. Counsel did, in fact, file an objection to the presentence report specifically arguing that Mr. Washington insisted that the heroin weighed less than 90 grams. (Crim. Case, dkt. 39). Counsel argued that the lesser amount of drugs may warrant a level less than 24. This objection was discussed and it was determined that even if it were accepted, it would have no effect on the total offense level or advisory guideline range. *Id.*, dkt. 41, p. 22. Counsel raised the desired challenge but the objection was overruled by the judge. Moreover, the Court has already disposed of Mr. Washington's claim that counsel failed to challenge the two level increase for possessing a firearm.

As pointed out by the government, counsel obtained substantial benefits by negotiating the plea deal through which the government dismissed one count of possession and distribution of cocaine and another count of possession of a firearm in furtherance of a drug trafficking crime. With counsel's representation, Mr. Washington was also sentenced below the advisory guideline range. No deficient performance has been shown. All of Mr. Washington's claims of ineffective assistance of counsel are **DENIED.**

**Johnson Claim**

On June 26, 2015, the United States Supreme Court held the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutional. *Johnson v. United States*, 135 S.Ct. 2551 (2015). Subsequently, the United States Supreme Court held that *Johnson* announced a new substantive rule of constitutional law which the Supreme Court has categorically made retroactive to ACCA defendants. *Welch v. United States*, 136 S.Ct. 1257 (2016). Mr.

Washington, however, was not sentenced under the ACCA. Rather, his sentence was enhanced as a result of his career offender status under the Sentencing Guidelines.

On March 6, 2017, in *Beckles v. United States,* 137 S.Ct. 886 (2017), the Supreme Court held that *Johnson* does not apply to the guidelines. The Supreme Court stated that "[b]ecause they merely guide the district courts' discretion, the Guidelines are not amendable to a vagueness challenge." *Id.* at 894. "[W]e hold that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895. Not only is this claim barred by the plea waiver provision, but because *Johnson* does not render Mr. Washington's sentence unlawful, and in fact, does not apply at all to his conviction, he is not entitled to relief on this basis.

**794 Amendment**

In Mr. Washington's second amended motion to vacate, he asserts that Amendment 794 of the Sentencing Guidelines is retroactive and seeks "to receive a minor role reduction in his case." Dkt. 21, p. 2. He argues that he was "simply the middle man caught in a greater conspiracy" and that when he had no cocaine to sell to the CI he had to get someone else to provide the cocaine. *Id.* He admits that he has been convicted of "similar crimes in the past," but contends that those crimes "involved minor amounts of drugs and were committed to support [his] addiction." *Id.* He further states that he "had no knowledge of the scale of the sales nor had any hand in the planning of the drug crime." *Id.* Amendment 794 became effective November 1, 2015, several months after Mr. Washington was convicted. Amendment 794 amended the commentary and notes to U.S.S.G. § 3B1.2 regarding the mitigating role reduction.

This claim warrants little discussion because it is barred by the plea waiver provision. Even if it were not waived, Amendment 794 is not retroactive on collateral review. *See Ozuna v.*

*United States*, No. 17-1544, 2017 WL 4083724, at *1 (7th Cir. Aug. 22, 2017) (affirming district court's dismissal of 794 Amendment claim brought in § 2255 case because "Section 2255 is not a basis for relief for guideline errors, and there was no reason for the district judge to construe the papers as a motion to reduce under § 3582(c) because Amendment 794 is not retroactive and did not reduce a guideline. It simply clarified when to apply a guideline that lowers a range."). The case upon which Mr. Washington relies, *United States v. Quintero-Leyva*, 823 F.3d 519, 521 n. 1 (9th Cir. 2016), held that Amendment 794 applies retroactively in direct appeals, but declined to determine whether "a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." Mr. Washington has not cited to any controlling case law that Amendment 794 applies retroactively on collateral review nor is the Court aware of any such authority. *See Lindsey v. United States*, No. 14-CR-40034-JPG, 2017 WL 283384, at *1 (S.D. Ill. Jan. 23, 2017) (794 Amendment is not retroactive on collateral review); *Holt v. United States*, No. 13-CR-40067-JPG, 2017 WL 283387, at *1 (S.D. Ill. Jan. 23, 2017) (same); *Gilliam v. United States*, No. 16-4165, 2016 WL 6833920, at *1–2 (C.D. Ill. Nov. 18, 2016) (same); *see also United States v. Decker*, 710 F. App'x 263, 264 (7th Cir. 2018) (Amendment 794 cannot be given retroactive effect under § 3582(c)(2)).

Although the government persuasively argues that Mr. Washington would not qualify for the "minor role" deduction even if it could be applied retroactively, the Court finds that it does not serve the interest of judicial economy to further discuss that issue in this case.

### *Denial of Hearing*

The Court denies Mr. Washington's request for an evidentiary hearing because one is "not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)). That is the case here. A hearing is not warranted under these circumstances.

*Conclusion*

The foregoing shows that Mr. Washington is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 and the amendments thereto are therefore **DENIED.** Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Washington has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:15-cr-0042-TWP-DML-1.**

**IT IS SO ORDERED.**

Date: 3/16/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Henry Washington #47722-424
Federal Correctional Institution
Inmate Mail/Parcels
P. O. Box 5000
Pekin, IL 61555